UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOSEPH BAKER, | : | Civil No. 10-3564 (FSH) |
| Petitioner, | : | |
| v. | : | **NOTICE and ORDER** |
| MICHELLE RICCI, et al., | : | |
| Respondents. | : | |

It appearing that:

1. You have filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered in the Superior Court of New Jersey, Union County on December 7, 2001.  This Court is required by Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), to notify you of the following consequences of filing such a Petition under the Antiterrorism Effective Death Penalty Act (AEDPA) and to give you an opportunity to file one all-inclusive § 2254 petition.

2. The AEDPA permits a prisoner in custody pursuant to the judgment of a State court who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States, to file one all-inclusive petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the district court. Under the AEDPA, prisoners challenging the legality of their detention pursuant to the judgment of a State court must include in this one all-inclusive § 2254 petition all available federal grounds to collaterally attack the State judgment and, except in extremely limited circumstances, file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.  See 28 U.S.C. § 2244(d).  Absent extremely limited circumstances and the prior approval of the United States Court of

Appeals for the Third Circuit, a claim presented in a second or successive § 2254 petition shall be dismissed.  See 28 U.S.C. § 2244(b).

      3.  This one all-inclusive § 2254 petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, state the relief requested, be typewritten or legibly handwritten, be signed under penalty of perjury by the petitioner or an authorized person, and substantially follow the form appended to the Habeas Rules.  See 28 U.S.C. § 2254 Rule 2(c) & (d).

      4.  The district court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993).  Exhaustion requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground raised in the petition to all three levels of the New Jersey courts.  See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Rose v. Lundy, 455 U.S. 509, 515 (1982).

      5.  It is not apparent to the Court whether you intend the § 2254 Petition you filed to be your one all-inclusive § 2254 petition.  Therefore, you must now tell the Court how you want to proceed by choosing one of the following options and notifying the Clerk of your choice pursuant to the terms of this Order.

    a.    Have your pending § 2254 Petition considered as your one all-inclusive petition "as is," or
    b.    Withdraw your pending § 2254 Petition and file one all-inclusive § 2254 petition subject to the one-year statute of limitations.

6. If you choose option 5.a. above, then you will lose your ability to file a second or successive Petition under § 2254, absent certification by the Court of Appeals for the Third Circuit and extraordinary circumstances. See 28 U.S.C. § 2244(b).

7. If you choose option 5.b. above, then the Court will enter an order dismissing the pending Petition without prejudice to the filing of an all-inclusive petition within 45 days of the entry of this Order. In that case, if your original Petition was filed within the one-year statute of limitations under 28 U.S.C. § 2244(d), then the statute of limitations will be tolled from the date you handed your original Petition to prison officials for mailing to the Clerk of the Court until 45 days after the entry of this Order. Thus, if your original § 2254 Petition was filed within the one-year limitations period, you will have the 45-day response period plus any additional time remaining within your 365-day statute of limitation period to draft and mail to the Clerk of the Court your all-inclusive § 2254 Petition.

IT IS therefore on this 14th day of December, 2010,

ORDERED that you have 30 days from the date of the entry of this Order to file with the Clerk of the Court a letter or other written response signed by you advising the Clerk how you would like to proceed; and it is further

ORDERED that, if you do not file a signed response choosing one of the above options within 30 days of the date of the entry of this Order, then the Court will consider your filed Petition as your one all-inclusive petition under 28 U.S.C. § 2254.

    s/ Faith S. Hochberg
    **FAITH S. HOCHBERG**, U.S.D.J.